J. S93008/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| MICHAEL MCNEIL, | : | |
| | : | |
| Appellant | : | No. 931 EDA 2016 |
| | : | |

Appeal from the PCRA Order March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008047-2012

BEFORE: DUBOW, SOLANO, AND PLATT,[*] JJ.

MEMORANDUM BY DUBOW, J.:                                     **FILED MARCH 01, 2017**

Appellant, Michael McNeil, appeals *pro se* from the March 4, 2016 Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  He challenges the effectiveness of trial counsel.  After careful review, we conclude that the PCRA court erred in considering Appellant's Petition untimely, but we nonetheless affirm.

On April 2, 2013, Appellant entered a negotiated guilty plea to one count each of Sexual Assault, Corruption of Minors, and Luring a Child into a Motor Vehicle or Structure[1] for luring a 16-year-old girl into his home and forcing her to perform oral sex on him.  In exchange for Appellant's guilty

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.1, 6301, and 2910, respectively.

plea, the Commonwealth agreed to withdraw charges of Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Indecent Assault, Indecent Exposure, and Statutory Sexual Assault.

That same day, April 2, 2013, the trial court sentenced Appellant to 5-10 years of imprisonment on the Sexual Assault conviction, but deferred sentencing on the remaining two charges and ordered a Sexually Violent Predator ("SVP") Assessment.

On July 12, 2013, the trial court reconvened and sentenced Appellant on the remaining two counts.[2]   The trial court imposed an aggregate sentence of 6-12 years of imprisonment.

Appellant did not file a direct appeal.  Instead, on July 7, 2014, Appellant filed a *pro se* PCRA Petition.  The PCRA court appointed PCRA counsel, who filed a Petition to Withdraw as counsel and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  In the letter, PCRA counsel argued that the PCRA Petition was untimely filed.

The PCRA court filed a Notice of Intention to Dismiss PCRA Petition Without a Hearing, pursuant to Pa.R.Crim.P. 907, and Appellant filed a *pro*

---

[2] The SVP Assessment determined that Appellant did not meet the criteria of a SVP.

*se* response refuting PCRA counsel's conclusion that the Petition was untimely filed.

On March 4, 2016, the PCRA court dismissed Appellant's Petition and granted PCRA counsel's Petition to Withdraw, concluding that the Petition was "untimely and therefore without merit." PCRA Court Opinion, filed 7/26/16, at 5. The PCRA court also opined in its Pa.R.A.P. 1925(a) Opinion, with utmost brevity, that Appellant's underlying claims were without merit. ***Id.***

Appellant filed a timely appeal. On appeal, Appellant raises three issues:

> 1. Whether[,] on March 4, 2016 [the PCRA court] erred when [it] dismissed Appellant's PCRA as untimely, even though it was filed within one year of the final sentencing order?
>
> 2. Whether[,] on March 4, 2016 [the PCRA court] erred when [it] dismissed Appellant's PCRA as lacking merit without addressing the fact that [trial counsel] rendered ineffective assistance in violation of appellant's rights by convincing him to plead guilty, otherwise, [*sic*] he would receive a sentence of 25 to life [*sic*]?
>
> 3. Whether[,] on March 4, 2016 [the PCRA court] erred when [it] dismissed Appellant's PCRA as lacking merit without addressing the failure of [trial counsel's] ineffective assistance [*sic*] in failing to file for suppression of the DNA evidence?

Appellant's Brief at 3.

When reviewing the denial of a PCRA Petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears****,* 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the

findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

## Timeliness

In his first issue, Appellant avers that the PCRA court incorrectly concluded that his Petition was untimely because the trial court calculated timeliness based on the April 2, 2013 hearing in which the trial court presided over only the first portion of Appellant's bifurcated sentencing. Appellant is correct.

The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary

- 4 -

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a defendant elects not to file a direct appeal, his Judgment of Sentence becomes final thirty days after his sentence is imposed, when the time for filing a direct review expires. Pa.R.Crim.P. 720(A)(3).

The PCRA court found that Appellant's Judgment of Sentence became final on May 2, 2013,[3] thirty days after the trial court sentenced Appellant on one count of Sexual Assault. But the trial court did not complete Appellant's sentencing on that date, opting not to impose a sentence on the two remaining counts until a SVP determination could be made. The PCRA court's analysis ignores the fact that Appellant's sentencing was effectively bifurcated, and that the trial court did not complete Appellant's sentencing until July 12, 2013.

As Appellant correctly points out, the PCRA court should have considered whether his Petition was filed within one year of the date that his **entire** Judgment of Sentence became final. All of Appellant's charges arose from a single bill of criminal information, and his Judgment of Sentence was not final until the court sentenced him on all counts and made a

---

[3] The PCRA court's Pa.R.A.P. 1925(a) Opinion actually states that his Judgment of Sentence became final on May 2, **2014**, one year and thirty days after the April 2, 2013 sentencing for one count of Sexual Assault. We presume this was a typographical error.

determination regarding his status as an SVP. **See Commonwealth v. Harris**, 972 A.2d 1196, 1201 (Pa. Super. 2009) ("the imposition of SVP status is a component of the judgment of sentence even though the ultimate collateral consequences are non-punitive.").

Appellant's Judgment of Sentence became final on August 12, 2013,[4] upon expiration of the time to file a Notice of Appeal. Therefore, Appellant's July 7, 2014 Petition was filed within one year of when his Judgment of Sentence became final. Although the PCRA court erred in finding that Appellant's PCRA Petition was untimely, Appellant is not entitled to relief on this claim. As discussed **infra**, Appellant's underlying claims are either waived, or lack merit.

## Guilty Plea

In his second issue, Appellant avers that trial counsel "coerced him into entering a guilty plea by telling Appellant that he would be facing a sentence of 25 years to life [in prison]." Appellant's Brief at 9. Appellant avers that trial counsel's advice regarding his potential maximum sentence "intimidated Appellant into pleading guilty" and rendered his guilty plea involuntary.[5] **Id.** at 10.

---

[4] August 11, 2013, was a Sunday. **See** 1 Pa.C.S. § 1908.

[5] As part of this second claim, Appellant attempts to shoe-horn in an additional argument that trial counsel's failure to file a suppression motion rendered his plea involuntary. Appellant develops this argument more fully in his third claim. However, as discussed **infra**, these claims are waived.

In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Furthermore,

> [i]t is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338-39 (Pa. Super. 2012) (citations and quotation omitted).

The advice rendered by trial counsel will not be considered outside the range of competence required unless it is "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981)). Our Supreme Court has long defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had **some reasonable** basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of

> effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quotation omitted) (emphasis in original).

In the instant case, the record contains ample evidence showing that Appellant's claim is without merit. First, as the PCRA court points out, the guilty plea transcript includes a lengthy colloquy documenting the knowing, intelligent, and voluntary nature of Appellant's plea, including Appellant's admission to the crimes. ***See*** PCRA Court Opinion, filed 7/26/16, at 5 (citing N.T., 4/2/16, at 3-36).

Moreover, Appellant has not and cannot establish that trial counsel's advice to plead guilty had no reasonable basis. Appellant does not aver that trial counsel's advice was incorrect. In fact, after his preliminary hearing, Appellant was facing nine charges, including three first-degree felonies and two second-degree felonies. Trial counsel properly advised Appellant that, were he to be convicted at a trial of all nine charges, his potential sentence of imprisonment would be substantial. Under the terms of the plea agreement, the Commonwealth *nolle prossed* all of the first-degree felony charges, half of the second-degree felony charges, and two misdemeanor charges. The trial court sentenced Appellant to an aggregate term of 6-12 years of imprisonment on the remaining three charges.

The Commonwealth's evidence against Appellant included the testimony of his victim and Appellant's DNA recovered from the victim.

Under the facts as they plainly appear on the face of the record, trial counsel had a reasonable basis for advising Appellant to accept the plea offer. N.T., 4/2/13, at 19-23. Accordingly, the trial court did not err in concluding that Appellant is not entitled to relief on this claim.

## Suppression of DNA Evidence and Statement

In his final claim, Appellant avers that trial counsel rendered ineffective assistance when he "refus[ed] to challenge the lack of *Miranda*[6] [warnings] and the collection of DNA evidence[.]" Appellant's Brief at 12. This final issue is waived because, as the Commonwealth notes, Appellant did not raise it in his PCRA Petition. Although Appellant attempted to file an Amended PCRA Petition raising this claim, he failed to file it properly and, therefore, waived the claim.

Pennsylvania Rule of Criminal Procedure 905 explicitly provides that a petitioner may only amend a PCRA Petition by direction or leave of the PCRA court. Pa.R.Crim.P. 905; *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). Therefore, before a petitioner may amend a PCRA Petition, a petitioner must seek and obtain leave to amend because amendments to a PCRA Petition are not "self-authorizing." *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (quoting *Porter*, 35 A.3d at 12); *see also Commonwealth v. Mason*, 130 A.3d 601, 621 n.19 (Pa. 2015) (amendment only permitted by "explicit" direction or leave of court).

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Our appellate courts have "condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver." *Commonwealth v. Reid*, 99 A.3d 470, 484 (Pa. 2014) (finding claims raised in unauthorized supplemental petitions waived despite trial court entertaining and ruling on claims); *see also Commonwealth v. Elliott*, 80 A.3d 415, 430 (Pa. 2013) (holding that claim alleging trial counsel's ineffectiveness is waived because it was not included in the PCRA Petition and the PCRA court did not give permission to amend the Petition).

Even where the PCRA court entertains and addresses a petitioner's numerous PCRA filings and claims, the petitioner has waived the issues raised in a PCRA Petition unless the petitioner can "identify where in the record the supplemental petitions were authorized and/or … reconstruct the record if such authorization was provided off the record." *Reid*, *supra* at 484.

In this case, Appellant filed the Additional Supplement without first obtaining the leave of court. Although Appellant filed a Motion to Amend PCRA Petition, the PCRA court did not grant the Motion. Accordingly, we find that Appellant waived his suppression claim for asserting it in a supplement without leave of court.

Having determined that Appellant is not entitled to relief on any of his claims, we affirm the PCRA court's March 4, 2016 Order dismissing his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017