J-S48007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL ROBERT SNIDER | : | |
| | : | |
| Appellant | : | No. 2013 MDA 2016 |

Appeal from the PCRA Order November 9, 2016
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000340-2010

BEFORE:   OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 21, 2017**

Joel Robert Snider appeals from the order entered on November 9, 2016, denying him relief without a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal Snider argues the PCRA court erred in failing to grant him a hearing on his claims.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we vacate and remand for a hearing.

Our standard of review for this matter is as follows: "A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." ***Commonwealth v. Walker***, 36 A.3d 1, 17 (Pa. 2011) (citation omitted).

Additionally,

_____

[*] Retired Senior Judge assigned to the Superior Court.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 701 A.2d 541, 542-543 (1997).

***Commonwealth v. Turetsky***, 925 A.2d 876, 882 (Pa. Super. 2007), *quoting*

***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa. Super. 2004).

However, "[A]n evidentiary hearing ... is not ... a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1094 (Pa. 2012) (citations omitted).

On August 8, 2014, Snider entered into a negotiated plea of guilty but mentally ill to one count of third-degree murder and one count of burglary. The charges arose from the shooting death of Sudharman Joseph Fenton on July 5, 2010. Snider was sentenced at the time of his plea to the agreed upon aggregate sentence of 30 – 60 years' incarceration. On July 7, 2015, Snider filed an untimely, *pro se*, notice of appeal. This notice of appeal was docketed on July 10, 2015. At the same time, he sought appointment of counsel. The trial court denied Snider counsel but did not address the notice of appeal. Shortly after the denial of his request for counsel, Snider filed a *pro se* PCRA

- 2 -

petition. In that petition, Snider indicated counsel never consulted with him regarding a direct appeal, and that due to his mental illness and the nature of his incarceration, he was unable to contact counsel. Snider further alleges that as his illness stabilized, he did contact counsel and asked that a direct appeal be filed. However, counsel declined as the 30-day time limit to file an appeal had expired.

Snider was appointed counsel who filed an amended PCRA petition. That petition, currently before us, incorporated all of Snider's claims raised in the *pro se* petition and amplified these claims Snider raised regarding his mental illness and whether his guilty plea was knowing, voluntary and intelligent. The PCRA court denied Snider's petition without a hearing. This appeal followed.

We begin by stating that this decision will not address any of the issues raised by Snider or counsel, other than those regarding the open and unresolved notice of appeal. This is our first encounter with a notice of appeal that has been left unresolved in this manner: The failure to address the filing represents a breakdown of the judicial process. We believe there are essentially two options open to us. We can determine that the initial filing is an unresolved direct appeal or we can treat the matter as an unresolved PCRA petition. Because the filing was facially untimely as a direct appeal, pursuant to **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super 2013), any petition filed after the judgment of sentence becomes final should be treated as a PCRA petition. Accordingly, the facially untimely notice of appeal should have been

considered to be a PCRA petition and Snider should have been appointed counsel. Therefore, pursuant to the above reasoning and in the interest of judicial economy, we will treat Snider's current PCRA petition as an amendment to the unresolved initial filing.[1]

However, days after Snider's request for counsel, which was a part of the unresolved initial filing, Snider filed a *pro se* PCRA petition and was appointed counsel. As noted above, Snider's *pro se* petition included references to his attempts to file a direct appeal and/or withdraw his guilty plea. Also noted above, the amended petition filed by counsel, incorporates those allegations. Accordingly, we interpret Snider's petition to include a request for *nunc pro tunc* relief to file a direct appeal.[2] This issue, left unresolved by the breakdown of the judicial process, must be addressed; therefore, a remand to the PCRA court is necessary. Because there exists a possibility that Snider is entitled to *nunc pro tunc* relief, we will not address any of the other issues raised in Snider's PCRA petition. If the parties and the

---

[1] If we treated the initial filing as an unresolved direct appeal, pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), we would dismiss this petition as premature. However, the filing of an untimely notice of direct appeal does not toll the one-year time limitation for filing a PCRA petition. We do not believe a breakdown in the judicial process should prejudice Snider.

[2] Although we are treating the initial filing as a PRCA petition, we cannot ignore the fact that Snider sought a direct appeal albeit well after the appeal period expired.

court believe there are other issues that need factual clarification, the hearing may include those, as well.

Order vacated. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017