J-S37020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY EDWARD OLIVER | : | |
| Appellant | : | No. 1763 EDA 2017 |

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009949-2011

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 08, 2018**

Anthony Edward Oliver appeals from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We conclude the trial court did not err in dismissing the PCRA petition and, therefore, affirm.

The trial court summarized the facts of this case as follows:

> Between the dates of October 15, 2010 and December 2, 2010, [Oliver] was President of the non-profit organization, PA Cure, a position he held as a volunteer. The Secretary of PA Cure, Mr. Angus Love, testified that as President, [Oliver] had the ability to withdraw money from the organization's bank account on behalf of the organization, with the approval of the Board of Directors and in conjunction with the signature of the organization's Treasurer . . . . [Oliver] and [the Treasurer] were the authorized signatories through the organization's bank, Commerce Bank[,] which was eventually purchased by TD Bank. After viewing the Commonwealth's Exhibits C-1 through C-22, a series of checks, Mr. Love testified that the checks were from the PA Cure account, signed only by Anthony Oliver, the majority

_____

* Former Justice specially assigned to the Superior Court.

of which were made payable to Anthony Oliver. Mr. Love also testified that PA Cure did not give permission to [Oliver] to write the checks or withdraw the funds. Copies of these checks were entered into evidence and the sum of these checks totaled well over $2,000.

Mr. Dan Gold, the owner of a retail guitar store in Narberth, Pennsylvania, testified that on December 2, 2010, [Oliver] came into his store and purchased a guitar. [Oliver] paid for the guitar using a check which was introduced by the Commonwealth and was again from the PA Cure account and signed by [Oliver].

On June 23, 2011, at approximately 1:20 p.m., [Oliver] gave a statement to University of Pennsylvania Detective Paul Sawicki. . . . [Oliver's] statement was introduced and accepted into evidence by the Commonwealth as [an] exhibit . . . . [Oliver]'s statement contained the following questions and answers:

Question: "Between 10/15/2010 and 11/4/2010 did you remove[] about $4,700 from this nonprofit group without permission?"

Answer: "Yes."

Question: "Did you go into TD Bank at 15th and JFK Boulevard on 10/15/2012 and change the signature card on the business account of PA Cure f[ro]m 2 authorized signatures to just one, that being your signature?"

Answer: "Yes."

Question: "You are aware that what you were doing was committing crimes of theft and fraud is that correct?"

Answer: "Yes."

Question: "What did you do with the money you obtained fraudulently?"

Answer: "Use it to get medication."

Trial Court Opinion, filed Sept. 25, 2012, at 1-3 (citations to notes of testimony omitted).

Following a bench trial, the trial court convicted Oliver of one count of receiving stolen property. On May 25, 2012, the trial court sentenced Oliver to three and one-half to seven years' imprisonment. We affirmed and, on November 27, 2013, the Pennsylvania Supreme Court denied Oliver's Petition for Allowance of Appeal.

On December 2, 2014, Oliver filed a timely *pro se* PCRA petition.[1] The PCRA court appointed counsel, who filed an amended petition on April 14, 2016, alleging Oliver's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. On November 22, 2016, counsel filed a supplemental amended petition, arguing that, during Oliver's pre-trial incarceration, materials were taken from him that would have established the theft that occurred was not in excess of $2,000, and that had his counsel presented this evidence, he would have been convicted of a misdemeanor, rather than a felony.

On April 3, 2017, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal

---

[1] Oliver's judgment of sentence became final on February 25, 2014, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, when his time for seeking discretionary review with the United States Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **Commonwealth v. Wilson**, 911 A.2d 942, 945 (Pa.Super. 2006) (finding judgment of sentence became final when 90-day period for filing for writ of *certiorari* with the United States Supreme Court expired). Therefore, he had one year from that date, or until February 25, 2015, to file a timely PCRA petition

Procedure 907. On May 17, 2017, the PCRA court dismissed the petition. Oliver filed a timely notice of appeal.

Oliver raises the following issues on appeal:

I. Did the trial court err in not reinstating [Oliver's] right to file an appeal from the judgment of sentence when appellate defense counsel waived a meritorious appeal issue of insufficiency of the evidence?

II. Did the trial court err in denying [Oliver] an evidentiary hearing because of trial defense counsel's ineffectiveness in failing to produce evidence that the offense of which appellant was convicted was no higher than a first degree misdemeanor instead of a third degree felony?

Oliver's Br. at 2.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the] appellant." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010)). To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). To establish prejudice, the petitioner must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (quoting **Strickland v. Washington**, 466 U.S. 668, 694 (1984)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Ousley**, 21 A.3d at 1244 (quoting **Rivera**, 10 A.3d at 1279).

Oliver first maintains that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the receiving stolen property conviction.

When reviewing a sufficiency of the evidence claim, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (quoting **Commonwealth v. Hutchinson***,* 947 A.2d 800, 805–06 (Pa.Super. 2008)).

Under the Crimes Code, a person is guilty of receiving stolen property if he or she: "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to

restore it to the owner." 18 Pa.C.S.A. § 3925(a); *Commonwealth v. Galvin*, 985 A.2d 783, 792 (Pa. 2009).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established the elements of receiving stolen property beyond a reasonable doubt. The evidence established that Oliver cashed checks from PA Cure's checking account for his own use. This established that Oliver received movable property that belonged to another knowing that it was stolen and established he did not intend to restore it to the owner. Because sufficient evidence supported his conviction for receiving stolen property, Oliver failed to establish his underlying claim had merit and, therefore, the PCRA court did not err in finding his appellate counsel was not ineffective for failing to raise it on appeal.

Oliver next argues the PCRA court erred in denying him an evidentiary hearing on his claim that his trial counsel was ineffective because he failed to present evidence to the trial court that would have established that the amount stolen from PA Cure was $1,449.97, which was less than $2,000.00. He argues that if the amount stolen was less than $2,000, the crime would be a first-degree misdemeanor, not a third-degree felony.

Oliver claims that, while incarcerated prior to trial, a corrections officer took from him information that would have established the amount taken was $1,449.97. He alleged that he informed his trial counsel of this. In his PCRA petition, Oliver appeared to claim the amount stolen was $1,449.97 because PA Cure had only $1,449.97 of deposits in its checking account. He attached

the first page of a PA Cure bank account statement, which showed that in early October 2010, the bank account contained $1449.97, but on November 30, 2010 it was overdrawn by $2,279.66. He also claimed that Mr. Love would testify[2] that PA Cure had "a total of only $1,449.97 deposited in its checking account."[3]

There is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a PCRA petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record" to determine whether "the PCRA court erred in its determination that there were no genuine

_____

[2] In support of his claim that the amount stolen was less than $2,000, Oliver also claimed that a Pennsylvania Department of Corrections employee would testify that legal materials were destroyed and that prison officials refused to allow him to meet with his attorney and that his trial attorney would testify that she was refused entrance to the prison and that "she decline[d] to conduct a thorough investigation of [Oliver's] case or follow up on leads provided by the accused." Motion for Post Conviction Collateral Relief, filed Dec. 2, 2014, at 7. As the PCRA court noted there is no suggestion that the witnesses would be willing to testify on Oliver's behalf. Trial Court Opinion, filed Oct. 5, 2017, at 7. Further, the proposed testimony would not alter our finding that Oliver cannot establish prejudice.

[3] Counsel did not include the bank statement or the description of the witnesses' testimony in the supplemental amended petition. Because the trial court reviewed the claim, including the assertions in the *pro se* PCRA petition, we will do the same.

issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." **Commonwealth v. Khalifah**, 852 A.2d 1238, 1240 (Pa.Super. 2004) (citing **Commonwealth v. Hardcastle**, 701 A.2d 541, 542-43 (Pa. 1997)).

The PCRA court did not err in denying the claim without an evidentiary hearing. As the court noted, no hearing was required because the evidence presented at trial "was amply sufficient to demonstrate each element" of the crime of receiving stolen property. TCO at 10. In denying the ineffectiveness claim, the PCRA court found that Oliver failed to demonstrate the absence of the evidence regarding the deposit amounts prejudiced him. TCO at 8. The trial court noted that the Commonwealth presented 22 exhibits of copied checks or withdrawal slips, which were signed by Oliver and made out to Oliver from the PA Cure account. *Id.* The total amount of the checks exceeded $2,000. Further, Oliver admitted in his statement to police that he removed about $4,700 from the PA Cure account without its permission. *Id.* at 9. That the bank account had deposits of only $1,449.97 in October does not establish that Oliver did not take, between October and December 2010, more than $2,000 from PA Cure. This is particularly evident in the fact that the account statement includes overdraft checks, and, therefore, $1,449.97 was not a ceiling.

We conclude that the PCRA court did not err in denying the ineffectiveness claim, and, because there was no genuine issue of material fact, it did not err in denying the claim without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2018