**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Luqmon KHALIFAH, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 12, 2004.

Filed June 16, 2004.

sonal jurisdiction in many instances is recognized without service by a sheriff.

Michael J. Diamondstein, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, for Commonwealth, appellee.

Before: ORIE MELVIN, TODD, and KELLY, JJ.

OPINION BY TODD, J.:

¶ 1 Luqmon Khalifah appeals the March 26, 2003 order of the Philadelphia County Court of Common Pleas dismissing without a hearing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We reverse and remand for an evidentiary hearing.

■ ¶ 2 On October 23, 1998, Appellant was convicted at a bench trial of attempted murder, aggravated assault, simple assault, reckless endangerment, possession of an instrument of crime, and several firearm violations. On January 6, 1999, Appellant was sentenced to an aggregate term of 10 to 25 years in prison. This Court affirmed Appellant's judgment of sentence on August 16, 2000. On August 6, 2001, Appellant filed a *pro se* PCRA petition. Appellant was appointed counsel, who filed an amended PCRA petition on Appellant's behalf. On March 26, 2003, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing. This appeal followed, wherein Appellant presents a single issue for review: "Did the lower court err in dismissing Appellant's amended PCRA petition without a hearing insofar as the petition contained facts, if proven, that would have entitled him to relief?" (Appellant's Brief at 4.)

■ ¶ 3 We first note that the right to an evidentiary hearing on a post-conviction

petition is not absolute. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id.* It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle,* 549 Pa. 450, 454, 701 A.2d 541, 542–543 (1997).

¶ 4 In his amended PCRA petition, Appellant asserted that trial counsel was ineffective for failing to call at trial an alibi witness, Salaam Id–Deen, who allegedly would have testified that he was with Appellant on the day of the incident, twenty blocks away from where the crime occurred. Appellant alleged in his amended PCRA petition that trial counsel was aware of the witness and his proffered testimony, and Appellant attached to his petition an affidavit by Id–Deen stating that he was with Appellant when the crime took place, that Appellant was aware of his willingness to testify at trial, and that he is available and willing to testify in future proceedings.

¶ 5 In order to establish a claim for ineffective assistance of counsel based on the failure to call a witness or witnesses, a defendant must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial. *Commonwealth v. Lilliock,* 740 A.2d 237, 245 (Pa.Super.1999).

¶ 6 In dismissing Appellant's PCRA petition, the PCRA court held that Appellant had failed to meet his burden of establishing that his trial counsel was ineffective for failing to call Id–Deen as an alibi witness, and, specifically, that Appellant failed to establish that he was prejudiced by the absence of Id–Deen's testimony. The court opined that Id–Deen's affidavit, written more than three years after Appellant was convicted, lacked credibility in comparison to the facts that were established at trial.

¶ 7 We note that Id–Deen's testimony, if believed, would have contradicted the victim's testimony at trial, and may have affected the outcome of Appellant's trial. We recognize that the credibility of Id–Deen is a determination for the factfinder, which, in the instant case, was the PCRA judge. *See Commonwealth v. O'Bryon,* 820 A.2d 1287 (Pa.Super.2003) (appellate courts must defer to the credibility determinations of the trial court as fact finder, as the trial judge observes the witnesses' demeanor first-hand). As Appellant was denied an opportunity to present Id–Deen as a witness, the trial judge did not have an opportunity to view his demeanor and properly evaluate his credibility. For this reason, we conclude that the PCRA court erred in dismissing Appellant's amended PCRA petition without a hearing. Accordingly, we reverse the PCRA court's order and remand this matter to the PCRA court for an evidentiary hearing.

¶ 8 Order REVERSED. Case REMANDED. Jurisdiction RELINQUISHED.