J-S54011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MALIK SUMMERS, | |
| Appellant | No. 2312 EDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001615-2008

BEFORE: BOWES, PANELLA, AND FITZGERALD, *JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 16, 2015**

Malik Summers appeals from the July 18, 2014 order denying him PCRA relief. We reverse and remand for an evidentiary hearing as to one of Appellant's claims.

In a criminal case not involved in this appeal, CP-51-CR-1614-2008, Appellant was charged with numerous offenses, including attempted murder, aggravated assault, robbery, and possession of a firearm by a prohibited person. At this criminal action, Appellant was accused of possession of a controlled substance with intent to deliver ("PWID") and possession of drug paraphernalia. The two cases were consolidated for trial and arose from the following events. On August 28, 2007, Granville Jones, a drug dealer, arranged to meet Appellant so that Appellant could buy drugs. Appellant

_____

* Former Justice specially assigned to the Superior Court.

had purchased cocaine from Jones four or five previous times. Appellant entered Jones' car, and the duo traveled to a secluded location to consummate the drug transaction. Jones handed Appellant nine ounces of cocaine and then turned his head toward a noise outside the car. Instead of paying Jones for the drugs, Appellant retrieved a gun while Jones was distracted, and then shot him six times before fleeing on foot. Jones was able to drive to a nearby police station and was taken to a hospital, where he remained for two months.

Two days later, on August 30, 2007, Jones gave police a description of his assailant and reported that the perpetrator's sister and possibly the perpetrator himself lived in a beige or yellow house located at the corner of 20th and Somerset Streets. Detectives canvassed the area and discovered a house matching that description at 2001 West Indiana Avenue, which was on the corner of 20th Street and Indiana Avenue. They surveilled the residence, and saw a man meeting the description of Jones' assailant entering and exiting it. Police showed Jones a picture of the house, and he reported that it was where Jones believed Appellant lived.

The afternoon of August 30, 2007, police executed a search warrant at that location. They found nearly eighty grams of crack cocaine, about 124 grams of powdered cocaine, and drug-dealing paraphernalia. Appellant, three women, and children were present when police arrived with the warrant. Appellant admitted that he had a key to 2001 West Indiana

Avenue, which was either owned or rented by his sister. After the warrant was executed, Jones was shown a photographic array containing Appellant's picture, and Jones identified Appellant as his assailant.

At the conclusion of trial, on January 22, 2009, a jury convicted Appellant of PWID and possession of drug paraphernalia in this case, but was unable to reach a unanimous verdict in the other action. Our review of the docket sheet of CP-51-CR-0001614-2008, which is a public record, reveals that on March 30, 2009, a jury acquitted Appellant therein. On April 3, 2009, the court imposed a sentence of nine to eighteen years imprisonment in this matter. On appeal, we rejected Appellant's assertion that the evidence was insufficient to establish that he constructively possessed the drugs found in 2001 West Indiana Avenue, and we affirmed. ***Commonwealth v. Summers***, 11 A.3d 1006 (Pa.Super. 2010). Our Supreme Court denied review on March 1, 2011. ***Commonwealth v. Summers***, 17 A.3d 1254 (Pa. 2011).

Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed an amended petition. On July 18, 2014, that petition was denied without a hearing, and this appeal followed. Appellant raises these issues:

> A. Whether the Appellant claims that the PCRA court erred in denying the Appellant's PCRA petition where trial counsel was ineffective for failing to present several critical fact witnesses on his behalf who would have been able to testify regarding his

non-ownership of the drugs that were recovered from a house where he was staying?

B. Whether the Appellant claims that the PCRA court erred in denying the appellant's PCRA petition where the mandatory sentencing scheme violated his fundamental right to have each and every element of the crime proved beyond a reasonable doubt?

C. Whether the Appellant claims that the PCRA court erred in denying the appellant's PCRA petition where trial counsel failed to file a severance motion in this matter?

Appellant's brief at 5.

Initially, we recite our standard or review herein. "As a general proposition, we review a denial of PCRA to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Treiber*, 2015 WL 4886374, 3 (Pa. 2015). Appellant first seeks either a new trial or remand on the basis that trial counsel was ineffective for failing to call as witnesses two people, his sister and her friend, Nicole Lancaster. Appellant avers that both women "would have testified that the drugs" found in the house "did not belong to the Petitioner but another person and that Petitioner did not live in the house." Appellant's brief at 12. In order to establish that trial counsel was ineffective for failing to either present or investigate a witness for purposes of trial, a PCRA petition must prove: "(i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of

the testimony was so prejudicial as to have denied the defendant a fair trial." ***Commonwealth v. Pander***, 100 A.3d 626, 639 (Pa.Super. 2014) (*en banc*).

The PCRA court refused to hold an evidentiary hearing because Appellant did not provide affidavits from the two women. The Commonwealth parrots this position, which we reject. In ***Pander***, we specifically held that the fact that the defendant did not provide affidavits from the witnesses whom defendant claimed counsel should have called was not fatal to his claim. We ruled that as long as the defendant provides certifications, even if those documents are authored by the defendant, the defendant may be facially entitled to an evidentiary hearing on his PCRA claim. Therein, we applied 42 Pa.C.S. § 9545(d)(1), which expressly states: "Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth, and substance of testimony and shall include any documents material to that witness's testimony." A certification conforming to this statute is sufficient to entitle the defendant to a PCRA hearing, unless the defendant has expressly stated at trial that he did not want to call any witnesses other than those presented. ***Pander***, ***supra***.

Herein, Appellant filed the appropriate certifications. In his *pro se* PCRA petition, Appellant set forth that trial counsel should have called Serena Summers as a witness. Ms. Summers is Appellant's sister and the

residence where the drugs were located was her home. Appellant represented that Ms. Summers "knows that the contraband was not mine and who it belong's [sic] to." PCRA Petition, 4/19/11, at 6 (made subject to penalties for unsworn falsification and asserted as grounds for an evidentiary hearing). Appellant also listed as a witness Nicole Lancaster, "who was present during the search of the residence and she know's [sic] the contraband in question was not mine. She know's [sic] who the contraband belong[s] to." *Id*. The address and date of birth of each woman were outlined in the PCRA petition. *Id*.

In the amended PCRA petition, counsel continued with an appropriate proffer regarding the witnesses averring that trial counsel was told about the witnesses and that they were available and willing to testify. He further alleged that, since there were three other adults present in the house when the warrant was executed, the testimony of these two witnesses would have changed the outcome at trial. We find these averments sufficient to invoke the aspects of the test for ineffective assistance of counsel in this area to entitle Appellant to an evidentiary hearing. ***Commonwealth v. Khalifah***, 852 A.2d 1238 (Pa. 2004). We decline to grant Appellant a new trial since trial counsel may refute Appellant's assertions at the evidentiary hearing and the PCRA court may not credit the witnesses' testimony. An evidentiary hearing is the sole relief warranted at this juncture.

Appellant's second position lacks merit. He avers that he is entitled to be re-sentenced in that he was sentenced under a statute ruled unconstitutional by decisions applying the United States Supreme Court's pronouncement in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). In **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015), we specifically held that decisions striking down mandatory minimum sentencing provisions under **Alleyne** will not be given full retroactive effect to PCRA petitioners.

Appellant's third assertion is that "the PCRA court erred in denying the Appellant's PCRA petition where trial counsel failed to file a severance motion in this matter." Appellant's brief at 16. Appellant claims that, after the trial court permitted consolidation, trial counsel rendered ineffective assistance by failing to seek severance of the charges involving Jones from the charges arising from the execution of the warrant at his sister's home. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. **Id**. A claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." **Id**. at 707. A determination as to whether the

facts asserted present a claim of arguable merit is a legal one. *Id*. It is presumed that counsel renders effective representation.

Pa.R.Crim.P. 582 governs consolidation of separate informations and provides, in pertinent part:

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

The PCRA court herein concluded that counsel was not ineffective for neglecting to seek severance of the two actions since consolidation was properly granted. It ruled first that the crimes at each information would have been admissible in a separate trial for the other in that they were based upon that same series of events. We agree. Evidence of other crimes is inadmissible at a trial when that proof is introduced to "show the defendant's bad character or propensity to commit crime." Pa.R.E. 404(b)(1). However, evidence of other crimes is allowed to be introduced in a variety of circumstances, including "where such evidence is part of the history of the case and forms part of the natural development of the facts."

*Commonwealth v. Dozzo*, 991 A.2d 898, 902 (Pa.Super. 2010) (citation omitted).

Our Supreme Court's decision in *Commonwealth v. Wholaver*, 989 A.2d 883 (Pa. 2010), is instructive. Therein, the defendant was charged with sexually abusing his daughters. Weeks before trial on those charges, the defendant killed his wife and the victims. The sexual abuse and murder charges were joined for trial, and the defendant's motion for severance was denied. On appeal, our Supreme Court upheld consolidation of the charges. It observed, *inter alia*, that since all the offenses "flowed from the same events and were part of the same story, joinder for trial was appropriate." *Id*. at 899. It also noted that the crimes would have been admissible if separate trials had occurred since they were part of the same chain or sequence of events.

Herein, the two sets of crimes were inextricably intertwined. Jones was shot during a drug deal, and Jones led police to Appellant and to the house that was searched. Jones was assaulted merely two days before police located Appellant and executed the search warrant. Jones sold Appellant cocaine, which was found inside the searched house. The trial court did not abuse its discretion in concluding that the charges arose from the same chain or sequence of events.

We also concur with the PCRA court's determination that there was no danger of confusion by the jury due to the consolidation and that Appellant

was not prejudiced by the joinder.  It premised these conclusions on the fact that the jurors returned different verdicts as to the two sets of offenses.  We concur with this assessment.  The charges relating to Jones were distinct from that arising from the search.  The jury rendered different verdicts as to the two criminal cases.  Hence, we find that consolidation was proper so that Appellant's position that severance could have been successfully achieved does not have arguable merit.  Trial counsel, therefore, was not ineffective for failing to request that the two cases be severed for trial.

Order reversed.  Case remanded for proceedings consistent with this adjudication.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015