J. S16031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                    Appellee    :
                                :
            v.                  :
                                :
CHRISTOPHER L. ORTIZ,           :
                                :
                    Appellant   : No. 1924 EDA 2015

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014133-2008

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **Filed: July 1, 2016**

Appellant Christopher L. Ortiz appeals from the order denying his first
petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42
Pa.C.S.A. §§ 9541-46, without an evidentiary hearing. After careful review,
we conclude Appellant's PCRA petition was facially sufficient to warrant an
evidentiary hearing. We therefore reverse and remand for an evidentiary
hearing consistent with this Memorandum.

The relevant facts and procedural history of the case are as follows.
Following a bench trial, the Honorable Ellen Ceisler convicted Appellant of
two counts each of Robbery and Simple Assault and one count each of
Criminal Conspiracy, Terroristic Threats, Theft by Unlawful Taking, and

Receiving Stolen Property on June 22, 2010. [1] On January 31, 2011, Judge Ceisler sentenced Appellant to two to eight years' incarceration. On February 9, 2011, Appellant filed a Motion for Post-Sentence Relief, alleging trial counsel was ineffective for failing to subpoena video surveillance of the parking lot where the robbery took place and failing to investigate an alibi defense. The Motion was denied by operation of law on June 10, 2011.

Appellant filed a timely PCRA petition *pro se* on November 7, 2011, which was amended after the appointment of counsel. On June 8, 2015, Judge Ceisler, sitting as the PCRA court, dismissed the PCRA petition without an evidentiary hearing.[2, 3]

Appellant timely appealed to this Court. Appellant raises one issue on appeal:

> Did the trial court err in denying the appellant an evidentiary [*sic*] when the appellant showed that trial counsel and post sentence defense counsel failed to call witnesses that they knew would provide an alibi for the appellant for the offenses of which he was convicted?

---

[1] 18 Pa.C.S. §3701(a)(1)(ii); 18 Pa.C.S. §2701(a); 18 Pa.C.S. §903(a)(1); 18 Pa.C.S. §2706(a)(1); 18 Pa.C.S. §3921(a); 18 Pa.C.S. §3925(a) respectively.

[2] The delay between the time the Appellant filed his initial PCRA Petition and the court's ruling on the petition was caused primarily by the request for counsel to amend the petition.

[3] The certified record does not contain a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. A February 9, 2015 docket entry states "Rule 907 notice to issue." Because we are remanding for an evidentiary hearing, we will not address whether the court issued notice of its intent to dismiss.

Appellant's Brief at 2.

There is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a PCRA petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super.2006) (citation omitted). "Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa.2009) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super.2004) (citing *Commonwealth v. Hardcastle*, 701 A.2d 541, 542-43 (Pa.1997)).

In his amended PCRA petition, Appellant alleges that trial counsel was ineffective for failing to call at trial two alibi witnesses, Kaleem Stevenson ("Stevenson") and Michael Ripka ("Ripka"). Both men worked with

Appellant, and allegedly would have testified at trial that Appellant was at work on the day of the incident. [4]

It is well settled that a PCRA petitioner cannot prevail on a claim of trial counsel's ineffectiveness for failure to call a witness unless the petitioner shows that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007). To satisfy the prejudice prong of this analysis, a PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa.2008) (citations omitted).

As our Supreme Court has made clear, we must remand for an evidentiary hearing "in cases where the PCRA court declined to hold a hearing, and where an assessment of witness testimony was essential to a petitioner's ineffectiveness claims . . . ." *Johnson*, 966 A.2d at 540. This is so that the PCRA court can observe the witness and make credibility determinations based upon the live testimony of these witnesses. *Id.* at

---

[4] Appellant's amended PCRA petition included two certifications, one for each alibi witness, prepared by an investigator for Appellant. Both narratives include all necessary information under 42 Pa.C.S. § 9545(d)(1).

539 (noting "one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone.").

The PCRA court erred in finding "no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d at 1240 (citation omitted).

Our finding is controlled by *Khalifah,* a case in which this Court remanded for an evidentiary hearing under factually indistinguishable circumstances. In both cases, the appellants were convicted at bench trials and later brought PCRA petitions claiming trial counsel was ineffective for failing to call alibi witnesses. 852 A.2d at 1239-40; PCRA Court Opinion, dated 11/2/15 at 3-4. In both cases, the PCRA courts denied the petitions without a hearing after determining that the alibi witnesses "lacked credibility in comparison to the facts that were established at trial." *See Khalifah,* 852 A.2d at 1240. *See also* PCRA Court Opinion, dated 11/2/15 at 6-9. The *Khalifah* Court held such credibility determinations are improper absent an evidentiary hearing, stating:

> As Appellant was denied an opportunity to present [his alibi witness], the trial judge did not have an opportunity to view his demeanor and properly evaluate his credibility. For this reason, we conclude that the PCRA court erred in dismissing Appellant's amended PCRA petition without a hearing.

*Khalifah*, 852 A.2d at 1240.

In the instant case, the certification reviewed and signed by Stevenson states he was working with Appellant on the date of the alleged robbery, that trial counsel interviewed him but did not subpoena him to testify, that Stevenson was present at the trial and available to testify, that Stevenson does not know why trial counsel did not call him to testify, and that Stevenson remains willing and available to testify on behalf of Appellant.

The certification submitted in support of Ripka's testimony states that Appellant was working on the day of the incident and that Appellant used a work tow truck, not a personal vehicle, while at work. Memorandum of Law In Support of Amended Petition Under the Post Conviction Relief Act, at Exh.B. It further states that counsel did not contact Ripka before trial. *Id.* On the day of trial, Appellant called him, but, because Ripka had relocated to Florida, he could not appear as a trial witness that same day. *Id.* The narrative states that Ripka is able and willing to testify on Appellant's behalf at this time, even though he still resided in Florida when he spoke with the investigator. *Id.*[5]

---

[5] Although the narrative does not explicitly state that Ripka would have been available as a trial witness if Appellant's counsel had contacted him prior to trial, it permits a logical inference that he was. Therefore, it provides sufficient information to permit an evidentiary hearing to address whether counsel was ineffective for failing to call Ripka. The hearing would address, among other things, whether Ripka would have been available to testify at trial if Appellant's trial counsel had contacted him before the trial date.

The PCRA court found that Appellant failed to establish that he had been prejudiced by trial counsel's failure to call Stevenson and Ripka at trial. The PCRA court's determination that Appellant was not prejudiced turns on a credibility determination that is improperly predicated on "pleadings and affidavits alone" rather than evidence adduced at an evidentiary hearing. **_Johnson,_** 966 A.2d at 539.

If credible, Stevenson's and Ripka's testimony would contradict the victim and sole witness who identified Appellant as a participant in the robbery. Likewise, if credible, the testimony of Stevenson and Ripka may well have affected the outcome of Appellant's trial. Without the trial court making this essential credibility determination before us, we are constrained to remand this case for an evidentiary hearing.

Upon remand and after hearing Appellant's evidence, the PCRA court may determine that the testimony provided by Stevenson and Ripka is not credible and deny the petition.

Therefore, we reverse the PCRA court's order and remand this matter for an evidentiary hearing.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Ott joins in the Memorandum.

Judge Dubow files a Concurring/Dissenting Memorandum.

J. S16031/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016