J-S44042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRIN MOUZON, | : | |
| | : | |
| Appellant | : | No. 1292 EDA 2017 |

Appeal from the PCRA Order March 17, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011769-2007

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 31, 2018**

Darrin Mouzon ("Mouzon") appeals from the Order dismissing, without a hearing, his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court set forth the relevant facts underlying this appeal as follows:

> On September 28, 2006, [Mouzon] arrived at The Flamingo Bar (Bar), located at 2054 Dennie Street in Philadelphia. [Mouzon] was quite familiar with the Bar and its layout, and had used both the main entrance and the rear exit of the Bar.  He entered the Bar prior to 9:00 p.m., at which time the Bar began screening patrons for weapons.  [Mouzon] went to the second floor of the Bar and drank there for several hours.  Shortly after midnight, [Mouzon] encountered two young women, Shantae and Erica, near the upstairs bathroom and attempted to speak to them.  He was quickly rebuked.  [Mouzon] became very angry and hostile, following the young women around the [B]ar while calling them crude names and yelling at them that they "didn't look good" and that they "weren't shit."  He also told the women that he would "kill you bitches."  The women decided to get away from [Mouzon,] but he followed them, first down the Bar's staircase to

the first floor and then across the first floor towards the Bar's main exit.

Dewhitt Smith, a friend who had accompanied Shantae and Erica to the Bar, noticed [Mouzon's] treatment of the young women at that point and suggested they walk in front of him to exit the Bar. As the young women did so, a heated exchange occurred between [] Smith and [Mouzon]. The Bar's security guards were called into the Bar, and one of the guards pulled [] Smith outside. Immediately thereafter, Andre King (victim), a friend of [] Smith's, approached [Mouzon] and a physical altercation ensued.[FN] [Mouzon] then took a gun out from his waistband, at which time the victim began to back away from [Mouzon] with his hands raised in the air; [Mouzon] fired two shots at the victim's head from a distance of between three to four feet away. One bullet struck the victim in his left cheek and another hit Darlene Redding, a bystander in the crowded Bar, in her right thigh. [Mouzon] then fled through the Bar's main exit. The victim was pronounced dead fifteen days later, on October 13, 2006[,] at 2:30 p.m. at Temple University Hospital. [Mouzon], a fugitive, was arrested on July 27, 2007.

[FN] There was conflicting testimony as to exactly how the altercation ensued, but it was consistent that the victim, a rather large man, hit [Mouzon] first.

PCRA Court Opinion, 9/29/17, at 2-4 (footnote in original; citations to record and brackets omitted).

On April 23, 2009, following a jury trial, Mouzon was convicted of murder of the first degree, aggravated assault, firearms not to be carried without a license, and possession of an instrument of crime. *See* 18 Pa.C.S.A. §§ 2502(a), 2702, 6106(a)(1), 907. The trial court sentenced Mouzon to an aggregate term of life in prison. Mouzon filed a post-sentence Motion, which was denied by operation of law.

On direct appeal, this Court concluded that the trial court erred by excluding evidence of the victim's prior robbery conviction to support

Mouzon's claim that the victim was the aggressor, and vacated Mouzon's judgment of sentence.  **See Commonwealth v. Mouzon**, 6 A.3d 569 (Pa. Super. 2010) (unpublished memorandum at 16-18).  The Commonwealth subsequently filed a Petition for allowance of appeal with the Pennsylvania Supreme Court, which the Supreme Court granted as to the issue concerning the exclusion of the victim's prior conviction.  **See Commonwealth v. Mouzon**, 15 A.3d 43 (Pa. 2011).  The Supreme Court reversed the Judgment of the Superior Court, and reinstated Mouzon's judgment of sentence, reasoning that the exclusion of such evidence was not error because the evidence presented at trial did not support a self-defense claim.  **See Commonwealth v. Mouzon**, 53 A.3d 738, 750-54 (Pa. 2012).

On March 22, 2013, Mouzon, *pro se*, filed the instant, timely PCRA Petition, challenging, *inter alia*, the effectiveness of his trial counsel.  The PCRA court appointed Mouzon counsel, who filed an Amended PCRA Petition on Mouzon's behalf.  On March 17, 2017, following appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Mouzon's Petition without a

hearing. The instant timely appeal followed.[1]

On appeal, Mouzon raises the following questions for our review:

I. Did the [] PCRA [c]ourt err when it dismissed [Mouzon's] PCRA Petition without a [h]earing wherein [Mouzon,] through counsel[,] pled and would have been able to prove that he was entitled to relief?

II. Is [Mouzon] entitled to a new trial where trial counsel was ineffective when he failed to strongly advise [Mouzon] that he must testify?

Brief for Appellant at 3.

Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation

omitted).

There is no absolute right to an evidentiary hearing, and a PCRA court

has discretion to deny a petition without a hearing "if the PCRA court

---

[1] On April 18, 2017, the PCRA court entered an Order instructing Mouzon to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mouzon failed to comply, and the PCRA court issued an Opinion, indicating that it would not address any issues raised by Mouzon. ***See*** PCRA Court Opinion, 5/23/17. On July 17, 2017, PCRA counsel filed a Petition for Remand in this Court, explaining that he had failed to file a concise statement on Mouzon's behalf as a result of an administrative error, and asking this Court to remand the matter to the PCRA court so that he could file a concise statement. This Court thereafter entered an Order, remanding the case to the PCRA court, directing Mouzon to file a concise statement, and instructing the PCRA court to file a supplemental opinion. Both Mouzon and the PCRA court timely complied with this Court's directive.

determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011) (citation and brackets omitted). Thus, when the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the certified record before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004).

The PCRA permits relief when a conviction is the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

***Franklin***, 990 A.2d at 797 (citations omitted). "A PCRA petitioner must address each of these prongs on appeal." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018). Additionally, "if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

We will address Mouzon's claims together. In his first claim, Mouzon argues that the PCRA court erred in dismissing his Petition without a hearing, because he would have been able to prove his allegations. Brief for Appellant at 9. Specifically, Mouzon contends that his trial counsel was ineffective for failing to "strongly advise" Mouzon to testify at trial. ***Id.*** Mouzon claims that the issue before the court was whether he had a reasonable belief that the exercise of deadly force was necessary, and therefore, testimony regarding his mental state could have impacted the jury's evaluation of the evidence. ***Id.*** In his second claim, Mouzon restates, verbatim, his argument challenging his trial counsel's effectiveness for failing to advise him to testify at trial. ***Id.*** at 13-15.

Here, Mouzon did not specifically address the three prongs of the test for ineffective assistance of counsel. ***See Wholaver***, 177 A.3d at 144. Further, Mouzon failed to provide an adequate discussion of his claims with citations to relevant legal authority. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Instead, Mouzon merely offers a summary of the

Supreme Court's decision, as well as several musings about how the Supreme Court's decision would have been different had the trial court determined that the victim was the aggressor. *See* Brief for Appellant at 11-12. Because Mouzon failed to properly develop this issue for our review, it is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").[2]

Based upon the foregoing, we affirm the PCRA court's Order dismissing Mouzon's Petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18

---

[2] Mouzon also baldly claims that his trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter. Brief for Appellant at 10. However, Mouzon similarly failed to develop this issue in a meaningful fashion capable of our review. *See* Pa.R.A.P. 2119(a); *see also Johnson, supra*. Even if Mouzon had properly developed his claims, we would conclude that they lack merit for the reasons set forth by the PCRA court in its Opinion. *See* PCRA Court Opinion, 9/29/17, at 4-8, 12-16.