J-S06030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY BRYANT | : | |
| | : | |
| Appellant | : | No. 1845 EDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-11616-2009

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED MAY 22, 2020**

Larry Bryant appeals from the order denying his petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. He claims that the PCRA court erred when it dismissed his claim without a hearing. We affirm.

In 2009, Bryant and his co-conspirator broke into the home of James Whitefield intending to rob him. Unable to find any money in the dining room, they went to Whitefield's bedroom, woke him, put a gun to his head and demanded money. Startled, Whitefield jumped from bed, whereupon Bryant's co-conspirator shot him in the forehead and neck, killing him. Bryant and his co-conspirator initially fled, and the co-conspirator hid the murder weapon in a grill on Bryant's porch. However, they later decided to return to the home and finish the robbery. On the way back to the victim's home, Bryant called a friend, Nafis Parham, and asked him to retrieve the gun hidden on his porch. Bryant and his co-conspirator were arrested while at the victim's house hiding

behind the entertainment center clutching stolen goods. *See* *Commonwealth v. Bryant*, 2031 EDA 2011, *2-3 (Pa.Super. filed Dec. 17, 2012) (unpublished memorandum).

At trial, Parham testified that he retrieved the gun from Bryant's porch and placed it in the ceiling of his garage. Police later retrieved the gun and confirmed it was the murder weapon. A jury convicted Bryant of second degree murder, robbery, burglary, conspiracy to commit robbery, and possession of an instrument of a crime.[1] He was sentenced to an aggregate sentence of life imprisonment.

Bryant filed a timely direct appeal, which was granted in part—this Court vacated his concurrent sentence for burglary because it should have merged with second-degree murder for sentencing purposes. *See Bryant*, 2031 EDA 2011, at *13. He filed the instant PCRA petition, his first, on November 14, 2014. Appointed counsel filed an amended petition on September 12, 2017. The trial court dismissed Bryant's petition on May 25, 2018.[2] This timely appeal followed.

_____

[1] 18 Pa.C.S.A. §§ 2502, 3701, 3502, 903, and 907, respectively.

[2] Although the docket contains a note that the court intended to issue Rule 907 notice, the certified record does not contain a copy of the PCRA court's Rule 907 notice, and the docket does not contain an entry for the notice itself. Thus, it appears that the PCRA court did not give Bryant notice of its intent to dismiss or afford him the opportunity to amend his petition. However, Bryant has not raised this issue on appeal, so he has waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.").

Bryant raises one question on appeal: "Is [Bryant] entitled to a remand to the PCRA [c]ourt for a full evidentiary hearing as the PCRA [c]ourt erred in denying relief where [Bryant] properly pled, and would be able to prove, that he was entitled to PCRA relief in the form of a new trial?" Bryant's Br. at 3.

In his issue, Bryant alleges that the PCRA court erred when it dismissed his petition without a hearing. Bryant claims that there may have been an immunity agreement between the Commonwealth and witness Nafis Parham, which agreement was suppressed and not revealed to either himself or defense counsel at trial. The sole evidence upon which this claim is based is a copy of "a motion by the office of the district attorney dated 6/28/11 requesting the court to grant immunity to Nafis Parham. . . . The court granted the motion by order dated 7/[0]6/11." *Pro Se* PCRA Petition, at 11.[3] Bryant avers that he was never made aware of any immunity grant, and he claims he is entitled to relief because of a **Brady** violation. Therefore, Bryant argues that the PCRA court should have conducted an evidentiary hearing to determine whether there was, in fact, an immunity agreement that the Commonwealth did not reveal. **See** Bryant's Br. at 11.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an

---

[3] The certified record in this matter does not contain a copy of either the motion requesting immunity or the order granting the motion. Nor is there a copy of either document attached to either the *pro se* or amended petition.

evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (quotation marks and citations omitted).

There is no right to an evidentiary hearing, and a PCRA court has discretion to deny a petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004) (citation omitted).

"[T]o establish a *Brady* violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (citations omitted). As to *Brady* claims advanced under the PCRA, a defendant must demonstrate that the alleged *Brady* violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

place." **Commonwealth v. Cam Ly**, 980 A.2d 61, 76 (Pa. 2009) (citation and internal quotation marks omitted).

Here, in its Rule 1925(a) opinion, the PCRA court stated:

[Bryant's] appeal is flawed in two respects. First, although the Commonwealth's evidence of immunity negotiations with Parham arguably is the type that falls within **Brady's** ambit, there is no evidence that such discussions occurred. The only purported evidence on this matter are documents allegedly residing in counsel's file and showing that the Commonwealth sought and obtained an order permitting it to grant immunity; there is no evidence that it was discussed with or offered to Parham, much less that an agreement had been reached. At trial, Parham did not plead the Fifth Amendment and there is no evidence that he received any benefit in exchange for his testimony.

Second, and more important, there is no basis on the record to conclude that evidence of immunity discussions or an agreement, if it exists, was material. Parham testified merely that at [the co-defendant's] request he concealed the gun that killed [the victim]. Parham was not a fact witness to any of the events or conduct establishing the elements of the crimes that occurred at [the victim's] house and for which [Bryant] was convicted. [Bryant] has not, nor can he, sustain his burden to show that there was a "reasonable probability" that the result of the trial on the crimes charged would have been different if he had had information about the putative "immunity agreement" with a witness who had no first-hand knowledge of those crimes.

PCRA Ct. Op., 5/25/19, at 4-5 (citations omitted).

We conclude that the record supports the PCRA court's finding that Bryant could not have sustained his burden to meet the third requirement of a **Brady** claim—that he was prejudiced by not knowing about an alleged possible immunity agreement for Parham. Therefore, because Bryant could not have established a successful **Brady** claim, there was no genuine issue of

material fact and the PCRA court did not abuse its discretion in dismissing Bryant's petition without a hearing.

Finally, to the extent that Bryant claims counsel was ineffective he has failed to develop a cogent legal argument concerning counsel's alleged ineffectiveness. **See** Bryant's Br. at 11-12. Bryant cites only boilerplate law, and fails entirely to apply the law to the facts of this case. **See id.** Rather than developing an argument, he summarily states: "At this point in time the real issue is whether the information developed by [Bryant] is accurate and whether the Commonwealth did suppress the immunity agreement. If so, [Bryant] should have been awarded a new trial." **Id.** at 12. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Bryant has therefore failed to develop an ineffective assistance of counsel claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/20