J-S11039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM LEE GREENLEE, | : | |
| | : | |
| Appellant | : | No. 1411 WDA 2019 |

Appeal from the PCRA Order Entered September 4, 2019
in the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000065-2018

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED MAY 27, 2020

Adam Lee Greenlee ("Greenlee") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 12, 2018, Greenlee pled guilty to first-degree murder,[1] for the stabbing death of a GNC store employee.  The trial court sentenced Greenlee to a mandatory term of life in prison without the possibility of parole.  Greenlee did not file post sentence motions or a direct appeal.

On February 25, 2019, Greenlee, pro se, filed the instant, timely PCRA Petition.  The PCRA court appointed Greenlee counsel, who filed an Amended PCRA Petition raising various ineffective assistance of counsel claims, and challenging the validity of Greenlee's guilty plea.

_____

[1] See 18 Pa.C.S.A. § 2502(a).

By Memorandum and Order filed on August 9, 2019, the PCRA court reviewed Greenlee's claims, and issued Notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Greenlee's Petition without a hearing. Greenlee did not file a response. On September 4, 2019, the PCRA court dismissed Greenlee's Petition, explaining that there were no genuine issues of material fact. This timely appeal followed.

On appeal, Greenlee raises the following issue for our review: "Whether the [PCRA] court erred by failing to schedule an evidentiary hearing in order to provide [Greenlee] with the opportunity to provide testimonial evidence in support of the issues raised in his [A]mended [PCRA Petition]?" Brief for Appellant at 7.

We adhere to the following standard of review:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Rykard, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

There is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." Commonwealth v. Hart, 911 A.2d 939, 941 (Pa. Super. 2006). "To obtain

reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Commonwealth v. Hanible, 30 A.3d 426, 438 (Pa. 2011) (citation and brackets omitted). Thus, when the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the certified record before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting and evidentiary hearing." Commonwealth v. Khalifah, 852 A.2d 1238, 1240 (Pa. Super. 2004).

Greenlee provides very little argument in support of his claim. Instead, Greenlee first sets forth the statements he made during his guilty plea hearing. See Brief for Appellant at 16-18. Greenlee then sets forth additional statements contained in his Affidavit, which he attached to his Amended PCRA Petition. See id. at 19-23. In reference to the Affidavit, Greenlee emphasizes his statements that he was in a "drug-induced state" at the time of the murder; he had no malice towards the victim; his intention prior to entering the store was to steal merchandise; he did not have a specific intent to kill the victim; and he communicated the aforementioned information to his trial counsel. Id. at 23. Greenlee claims that the PCRA court improperly considered only the transcripts of the plea hearing. Id. at 24.

Greenlee's argument is entirely devoid of substantive legal argument. Indeed, Greenlee failed to identify any claims that are cognizable under the PCRA, and which would entitle him to relief. See 42 Pa.C.S.A. § 9543(a) (setting forth the various cognizable claims under the PCRA). Although Greenlee's PCRA Petition challenges the validity of his guilty plea and the effectiveness of his plea counsel, Greenlee's brief neither identifies the standards governing this Court's review of such claims, nor sets forth argument relevant to such claims. Because Greenlee's argument is wholly undeveloped, his claim is waived. See Commonwealth v. Tchirkow, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)); Commonwealth v. McMullen, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)). Moreover, Greenlee's bald assertion that the PCRA court did not consider his Affidavit does not satisfy his burden of establishing that he raised a genuine issue of material fact. See Hanible, supra.[2]

_____

[2] We observe that the PCRA court fully addressed each of the claims Greenlee raised in his Amended PCRA Petition. See Memorandum and Order, 8/9/19, at 2-7. Even if we could address Greenlee's underlying claims, we would conclude that he is not entitled to relief, for the reasons set forth by the PCRA court. See id.

Accordingly, the PCRA court did not err in dismissing Greenlee's Petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2020