J-S37009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE RAY | : | |
| | : | |
| Appellant | : | No. 1547 EDA 2021 |

Appeal from the PCRA Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013718-2009

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 15, 2022**

Antoine Ray appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546. Ray argues that his trial counsel was ineffective for failing to investigate and present alibi witnesses on his behalf. We affirm.

On December 25, 2007, Andrew Jackson was visiting family in Philadelphia. When Jackson walked to his car, three young men surrounded Jackson and attempted to rob him. Jackson was shot seven times and died as a result of his injuries. Though witnesses reported the robbery, no one was able to identify the assailants. Over a year later, two witnesses identified Ray

_____

* Former Justice specially assigned to the Superior Court.

and his co-defendants as the assailants. However, the witnesses later denied making incriminating statements.

On May 4, 2011, a jury convicted Ray of third-degree murder, robbery and criminal conspiracy.[1,2] The trial court sentenced Ray to a term of 15 to 30 years in prison. On direct appeal, this Court affirmed Ray's judgment of sentence. *See Commonwealth v. Ray*, 64 A.3d 274, 2450 EDA 2011 (Pa. Super. filed Jan. 11, 2013) (unpublished memorandum). Following reinstatement of Ray's allocatur rights, the Pennsylvania Supreme Court denied allowance of appeal.

Ray, *pro se*, filed the instant timely PCRA petition on May 17, 2018. The PCRA court appointed Ray counsel, who filed an amended PCRA petition on his behalf. Therein, Ray argued his trial counsel was ineffective for failing to present alibi witnesses and attached affidavits from two of Ray's family members. Ray later filed a supplemental amended PCRA petition.

The PCRA court filed notice of its intention to dismiss Ray's petition without a hearing pursuant to Pa.R.Crim.P. 907. Ray filed a *pro se* response, asserting that he had been abandoned by PCRA counsel. On July 15, 2021, the PCRA court dismissed Ray's PCRA petition, removed Ray's then-PCRA counsel, and appointed new counsel. This timely appeal followed.

---

[1] *See* 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 907.

[2] Ray was tried jointly with his two co-defendants, who are not parties to the instant appeal.

In reviewing the dismissal of a PCRA petition, we consider "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017).

Further, a PCRA court's decision to deny relief absent an evidentiary hearing "is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa. Super. 2019) (citation omitted); **see also Commonwealth v. Paddy**, 15 A.3d 431, 467 (Pa. 2011) (explaining that when a PCRA court does not conduct an evidentiary hearing, an appellant must establish that he raised an issue of material fact which would entitle him to relief if resolved in his favor). When a PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." **Commonwealth v. Khalifah**, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

Ray argues his trial counsel was ineffective for failing to present certain alibi witnesses. **See** Appellant's Brief at 9. Specifically, Ray claims trial counsel should have investigated and called as witnesses Ray's mother and cousin. **See id.** at 16; **see also** Amended PCRA Petition, 1/21/19, Exhibit A (Affidavit

of Andrea Holman, Ray's mother, stating that Ray was at his grandmother's house at the time of the robbery and shooting), Exhibit B (Affidavit of Kevin Hamilton, Ray's cousin, stating that Ray was with his family at their grandmother's house).[3]

Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. **See Commonwealth v. Roane**, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

A petitioner claiming ineffectiveness based on counsel's failure to call a potential witness

> satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness

---

[3] In his amended PCRA petition and appellate brief, Ray also identifies Marquita Felder, the mother of his child, as a possible alibi witness. Ray did not attach an affidavit from Felder to his amended PCRA petition. In his supplemental amended PCRA petition, Ray alleged that Felder would testify that Ray was at home and with Felder and their daughter on Christmas night in 2007. **See** Supplemental Amended PCRA Petition, 1/22/21, at 4.

existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citation omitted). Additionally, "[a] failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy." ***Id.*** at 1109 (citation omitted).

When a criminal defendant knowingly, voluntarily and intelligently waives his right to present witnesses, including alibi witnesses, he cannot challenge counsel's effectiveness for failing to call such witnesses. ***See Commonwealth v. Rios***, 920 A.2d 790, 803 (Pa. 2007), ***overruled on other grounds by Commonwealth v. Tharp***, 101 A.3d 736 (Pa. 2014); ***Commonwealth v. Paddy***, 800 A.2d 294, 316 (Pa. Super. 2002) (stating that "a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision. To hold otherwise would allow a defendant to build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict"). Ray acknowledges his statements during the colloquy that he did not wish to call witnesses but argues that counsel's failure to interview the witnesses necessarily renders his waiver unknowing, involuntary and unintelligent. ***See*** Appellant's Brief at 18. Ray's assertion is unavailing.

In its opinion, the PCRA court reviewed Ray's colloquy, during which Ray indicated that he was satisfied with his counsel and stated his agreement with the decision not to call any witnesses on his behalf. **See** PCRA Court Opinion, 8/25/32, at 7-8 (citing N.T., Jury Trial, 5/2/11, at 163-68). The PCRA court concluded, and we agree, that because Ray expressly agreed with the decision not to present witnesses, his ineffectiveness claim lacks arguable merit. **See Paddy**, 800 A.2d at 316 (concluding that challenge to counsel's effectiveness for failure to call alibi witnesses lacked arguable merit where the appellant agreed with his counsel's decision not to call alibi witnesses); **see also Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa. Super. 2000) (stating that "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel").

Ray relies, in part, on **Commonwealth v. Nieves**, 746 A.2d 1102 (Pa. 2000), for the proposition that completion of a colloquy does not necessarily defeat a post-conviction claim. **See id.** at 1104-05 (finding that defendant's choice not to testify was not knowing or intelligent, despite a colloquy on the matter, because the decision was based on counsel's erroneous advice concerning the admissibility of prior convictions). Instantly, Ray does not allege receiving erroneous advice from trial counsel, and the colloquy establishes Ray's agreement not to present alibi witnesses. **See Commonwealth v. Pander**, 100 A.3d 626, 643 (Pa. Super. 2014)

(distinguishing **Nieves**, where appellant expressly agreed with counsel's decision not to present additional witnesses). Based upon the foregoing, the PCRA court did not err in dismissing Ray's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2022