J-S03040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE MILES, | : | |
| | : | |
| Appellant | : | No. 1599 EDA 2018 |

Appeal from the PCRA Order May 11, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010209-2009,
CP-51-CR-0013007-2009, CP-51-CR-0013008-2009

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                  **FILED APRIL 16, 2019**

Tyree Miles ("Miles") appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 5, 2010, a jury found Miles guilty of rape and related crimes, following his attacks on three women.[1]  Following the completion of a pre-sentence investigation, the trial court sentenced Miles to an aggregate term of 36 to 72 years in prison.

This Court affirmed Miles's judgment of sentence on March 9, 2012.  **See Commonwealth v. Miles**, 47 A.3d 1238 (Pa. Super. 2012) (unpublished memorandum).  On June 17, 2013, Miles filed his first *pro se* PCRA Petition,

---

[1] Miles was originally charged at three separate dockets, which were consolidated for trial.

and the PCRA court appointed Miles counsel. Miles's PCRA counsel filed an Amended Petition, asserting that Miles's appellate counsel had abandoned Miles by failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court, after indicating he would to do so. On July 20, 2015, the PCRA court entered an Order granting Miles's Petition, and reinstating his right to file a petition for allowance of appeal, *nunc pro tunc*. Miles subsequently filed a *nunc pro tunc* Petition for allowance of appeal, which our Supreme Court denied on December 29, 2015. **See Commonwealth v. Miles**, 129 A.3d 1242 (Pa. 2015).

Miles filed the instant *pro se* PCRA Petition on February 5, 2016, and a *pro se* Amended Petition on May 26, 2016. The PCRA court appointed Miles counsel, who filed an Amended Petition on his behalf. Following appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Miles's Petition without a hearing. Miles filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Miles now raises the following questions for our review:

I. Whether the [PCRA] [c]ourt erred in failing to grant an evidentiary hearing?

II. Whether the [PCRA] [c]ourt erred in failing to grant [Miles's] PCRA Petition in whole or in part?

Brief for Appellant at 8.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

- 2 -

by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017).  Additionally, there is no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa. Super. 2006).  "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation and brackets omitted).  Thus, when the PCRA court dismisses a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the certified record before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa. Super. 2004).

We will address Miles's claims together.  In his first claim, Miles argues that the PCRA court erred by denying his Petition without a hearing, because he raised meritorious claims of ineffective assistance of his prior counsel. ***See*** Brief for Appellant at 23-25.  In his second claim, Miles challenges his trial counsel's effectiveness. ***See id.*** at 25-39.

- 3 -

The PCRA permits relief when a conviction is the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following:  (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted); *see also Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (stating that "[a] defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such a magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." (citations and some brackets omitted)).  Additionally, "as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.3d 708, 726-27 (Pa. 2014).

Miles identifies five arguments regarding the effectiveness of his trial counsel, which we will address separately.  In his first claim, Miles argues that trial counsel was ineffective for failing to file a post-sentence motion challenging the verdicts as against the weight of the evidence presented at

trial. *See* Brief for Appellant at 26-29. Miles contends that the victims' testimony was not credible, and identifies specific statements in each victim's testimony which Miles believes to be incredible.[2] *Id.* at 27-28.

Here, Miles has failed to show that his underlying claim, a challenge to the weight of the evidence, is of arguable merit. A successful challenge to the weight of the evidence required Miles to establish that the evidence supporting his conviction was "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Smith*, 146 A.3d 257, 265 (Pa. Super. 2016) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence…." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). Moreover, "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted).

The PCRA court reviewed the testimony presented at trial, and concluded that "the testimony of each victim was both consistent and compelling." PCRA Court Opinion, 8/8/18, at 6, 8; *see also id.* at 6-8 (setting forth the relevant testimony presented by each witness), 8 (explaining that

---

[2] Miles does not include specific citations to the trial transcripts in support of his claim. *See* Pa.R.A.P. 2119(c).

DNA samples from each victim were matched to Miles, further corroborating the victims' testimony). The trial court specifically found the victims' testimony credible, *see id.* at 8, and we may not disturb such a finding, or re-weigh the evidence on appeal. *See Talbert*, *supra*. Because the record supports this credibility finding, we agree with the PCRA court's determination that Miles's underlying claim lacks arguable merit. Additionally, Miles has not established that there was a reasonable probability that the outcome of the proceedings would have been different if counsel had filed a post-sentence motion. *See Franklin*, 990 A.2d at 797; *Charleston*, *supra*. Therefore, we cannot conclude that trial counsel was ineffective for failing to preserve a challenge to the weight of the evidence.

In his second argument, Miles claims that trial counsel was ineffective for failing to request a mistrial based on prosecutorial misconduct, thereby waiving the issue for appeal. Brief for Appellant at 29, 31. Miles directs our attention to the following statement, made by the prosecutor during closing arguments:

> [D]efense counsel[,] … in his opening statement[,] said there are two sides to every story. The part he didn't finish about that was only one side is going to be right, only one side makes sense. He said that you would hear the other side of this story. We heard all the witnesses testify. There was no other side of the story.

*Id.* at 29 (citation omitted). Miles argues that the prosecutor's remarks "were so prejudicial and inflammatory that [Miles's] right[] to a fair trial w[as] compromised." *Id.* at 31. Miles acknowledges, however, that trial counsel

objected to the statement, and the trial court gave a cautionary instruction to the jury.[3]  *Id.* at 29-30.

Miles correctly points out that this Court, on direct appeal, determined that Miles had waived his argument for a new trial, based on prosecutorial misconduct, by failing to request a mistrial after the trial court issued a cautionary instruction.  *See Miles*, 47 A.3d 1238 (unpublished memorandum at 4).  However, this Court also addressed the merits of the claim as follows:

> A prosecutor's comment concerning a defendant's choice not to testify is a violation of the defendant's right against self-incrimination.  However, an improper remark by a prosecutor concerning the failure to testify may be appropriate if it is in fair response to the argument and comment of defense counsel.  The prosecution is permitted to respond to arguments the defense has raised.
>
> The defense in its opening statement stated, "There are two sides to every story….  Not one."  By making that statement, the defense informed the jury that they would be hearing two stories, that of the prosecution and that of the defense.  The prosecution argued that the defense did not establish through evidence that there was another side to the story.  The prosecution's statement went to rebutting the defense's opening statement and not to the defendant's decision not to testify, and therefore, it was not improper.

*Id.* (unpublished memorandum at 4) (citations omitted).  Because we agree with this Court's prior analysis of the merits of this issue, we conclude that Miles's underlying claim lacks arguable merit.  Further, Miles has not argued

---

[3] In its cautionary instruction, the trial court directed the jury to disregard the above-described argument, and reiterated that the defendant in a criminal case has no burden to testify or present any evidence.  *See Miles*, 47 A.3d 1238 (unpublished memorandum at 3) (citing N.T., 8/4/10, at 134).

or established that he was prejudiced as a result of trial counsel's inaction (*i.e.*, that the trial court would have granted a mistrial, or that this Court would have ruled in his favor on appeal). ***See Franklin***, ***supra***; ***Charleston***, ***supra***. Therefore, Miles has failed to establish that he is entitled to relief on this basis.

Miles next contends that trial counsel was ineffective for stating, during opening arguments, that "there are two sides to every story." Brief for Appellant at 31. According to Miles, this statement led the jury to believe that he would testify during trial. ***Id.*** at 31-32.

Miles fails to include any citations to relevant legal authority in support of his assertion. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Accordingly, this claim is waived. ***See Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

In his fourth argument, Miles claims that trial counsel was ineffective for failing to file a motion to reconsider his sentence. Brief for Appellant at 33. Miles asserts that the sentencing court imposed a harsh and unreasonable sentence, and failed to consider various mitigating factors. ***Id.***

The PCRA court addressed Miles's claim as follows:

> Contrary to [Miles's] arguments, the [trial c]ourt explicitly considered all of the mitigating information presented on [Miles's] behalf, including the information in the pre[-]sentence report, and all of the evidence presented during the sentencing hearing, which

included testimony from [Miles's] girlfriend and a statement from [Miles]. The [c]ourt also explicitly considered the evidence that was presented during [Miles's] trial … and [Miles's] mental health evaluation. Moreover, the [c]ourt considered the sentencing guidelines, the need to protect the public, the gravity of the offense and the impact on the victims, and [Miles's] rehabilitative needs. From all of this, the [c]ourt fashioned a sentence that it felt was appropriate and reasonable. Because the [trial c]ourt would have denied any motion for reconsideration of sentence, [Miles] was not prejudiced by trial counsel's failure to file such a motion.

…

Each of the sentences was within the standard range of the sentencing guidelines, with the exception of the terroristic threats charges, the [involuntary deviate sexual intercourse] charge as to [the second victim], and the rape charge as to [the third victim]. The sentences on these latter charges were all within the aggravated range of the sentencing guidelines. The aggravated factors [] were outlined by the [c]ourt at sentencing…. Notwithstanding [Miles's] pattern of predatory behavior, the [c]ourt refrained from imposing even one sentence that departed from the sentencing guidelines.

Moreover, the magnitude of [Miles's] criminal behavior established by the record demonstrates that the [trial c]ourt was well within its discretion to run all of [Miles's] sentences consecutively. On three separate occasions, [Miles] dragged each of his three victims off of the street and forced them to engage in various sexual acts …. The consecutive sentences reflected the truly egregious nature of [Miles's] conduct, and resulted in an aggregate sentence commensurate with such conduct.

Because the [trial c]ourt's sentence was entirely reasonable and could not have been successfully challenged on appeal, [Miles] suffered no prejudice from trial counsel's failure to preserve the issue for appellate review. …

PCRA Court Opinion, 8/8/18, at 12-15. We agree with the PCRA court's determination that Miles has not established that he was prejudiced by his counsel's failure to preserve his sentencing claim in a motion to reconsider.

In his fifth claim, Miles asserts that his appellate counsel was ineffective for failing to challenge the denial of two pre-trial Motions (specifically, his Motion for Severance and Motion to Dismiss pursuant to Pa.R.Crim.P. 600), which we will address separately.

Regarding his Motion for Severance, Miles argues that the three cases were substantially unrelated, as "[t]here was no relationship between any of the women and there was no similarity in the way the offenses were committed." Brief for Appellant at 35. According to Miles, the consolidation of the three cases had a prejudicial effect on the jury. *Id.* at 37.

Initially, as the PCRA court correctly stated in its Opinion, the trial court never denied Miles's Motion for Severance. *See* PCRA Court Opinion, 8/8/18, at 15 n.2.[4] To the extent that Miles instead intended to challenge the Order granting the Commonwealth's Motion to Consolidate the cases for trial, the PCRA court stated the following:

> [O]ffenses charged in separate informations may be tried together, even where they did not arise out of the same act or transaction, if evidence of each offense would be admissible in a separate trial of the other and is capable of separation by the jury as to avoid confusion. The decision to join offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse of that discretion or a showing of prejudice and clear injustice to the defendant.

_____

[4] The PCRA court indicated that the "[M]otion appears to have been withdrawn[.]" PCRA Court Opinion, 8/8/18, at 15 n.2. However, it is not clear from the certified record whether the Motion for Severance was formally withdrawn.

The law regarding the admissibility of other crimes in a criminal trial is well-established. While such evidence is not admissible to prove bad character or criminal propensity, it may be admitted for other purposes where the probative value of the evidence outweighs the potential for prejudice. One such purpose is to establish that the crimes were part of a common plan or scheme. Factors to be considered to establish similarity are the elapsed time between the crimes, the geographical proximity of the crime scenes, and the manner in which the crimes were committed.

Here, the record establishes that the three cases were properly joined. While each case concerned criminal acts that occurred on different days and involved unrelated victims, they were inextricably intertwined. All three cases occurred within blocks of the others, with the last two occurring at the very same location[:] a Salvation Army parking lot. Moreover, all three cases shared additional characteristics: each victim was a black female who was walking alone in the dark; none of the victims knew [Miles]; [Miles] grabbed each victim from behind and put her in a chokehold; [Miles] took each victim to a secluded location before forcing her to engage in sexual acts; [Miles] did not wear a condom in any of the assaults; and [Miles] ejaculated after each assault, leaving his DNA. Accordingly, each case would have been admissible in the trial of the others to show [Miles's] common plan or scheme.

Finally, each case was easily separable from the others by both date and victims, preventing any possible confusion by the jury. Therefore, the [trial c]ourt did not err in consolidating these matters for trial. Consequently, appellate counsel could not have been ineffective for failing to raise a meritless severance claim on appeal.

PCRA Court Opinion, 8/8/18, at 15-16 (citations and quotation marks omitted). Because we agree that Miles's severance claim would merit no relief on appeal, Miles has not established that his direct appeal counsel was ineffective on this basis. *See Commonwealth v. Spotz*, 896 A.2d 1191,

1211 (Pa. 2006) (stating that "counsel will not be deemed ineffective for failing to raise a meritless claim"); *see also Franklin*, *supra*.

Regarding his Motion to Dismiss pursuant to Rule 600, Miles claims that his appellate counsel was ineffective for failing to challenge the denial of his Motion. Brief for Appellant at 38. Miles points out that while the offenses took place in 2005 and 2006, he was not arrested until January 2009. *Id.* at 39. Miles asserts that he was prejudiced because the delay rendered him unable to produce critical witnesses on his behalf. *Id.*

> To prevail on a claim of violation of due process based on pre-arrest delay, a defendant must first establish that the delay caused him actual prejudice. … [I]n order for a defendant to show actual prejudice, he or she must show that he or she was meaningfully impaired in his or her ability to defend against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected. This kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness. It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time. When a defendant claims prejudice through the absence of witnesses, he or she must show in what specific manner missing witnesses would have aided the defense. Furthermore, it is the defendant's burden to show that the lost testimony or information is not available through other means.

*Commonwealth v. Tielsch*, 934 A.2d 81, 91-92 (Pa. Super. 2007) (citations and paragraph break omitted).

Here, Miles failed to identify any specific witness that he was unable to produce at trial as a result of the pre-arrest delay. Miles likewise failed to explain "the substance of [the alleged witnesses'] testimony in order to show how they would have aided in his defense." PCRA Court Opinion, 8/8/18, at

17. Therefore, Miles's underlying claim lacks merit. **See Tielsch**, **supra**. Accordingly, Miles has not establish that his appellate counsel was ineffective in this regard. **See Spotz**, **supra**; **Franklin**, **supra**.

Because the record reflects that Miles's arguments lack arguable merit, and Miles failed to established that he suffered actual prejudice, we conclude that the PCRA court did not err in dismissing Miles's Petition without a hearing. **See Baumhammers**, **supra**. We therefore affirm the PCRA court's Order dismissing Miles's Petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19