J-A10011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZAKEE HAMILTON | : | |
| | : | |
| Appellant | : | No. 114 EDA 2020 |

Appeal from the PCRA Order Entered November 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008988-2010

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 31, 2021**

Appellant, Zakee Hamilton, appeals from the order entered in the Philadelphia County Court of Common Pleas on November 22, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. Appellant argues the PCRA court erred in declining to hold an evidentiary hearing on his claim that trial counsel was ineffective for failing to call certain witnesses at trial. As the record shows Appellant chose not to call the witnesses he now faults trial counsel for failing to present, his claim is without merit and we affirm.

We previously summarized the pertinent facts on direct appeal as follows.

_____

[*] Retired Senior Judge assigned to the Superior Court.

During the early morning hours of February 21, 2010, members of a vehicle club congregated at a bar they had reserved to celebrate a birthday. When they arrived at the bar, the club members discovered that the bar was overbooked. As the night progressed, different vehicle club members and non-club members began arriving at the bar. The club members protested to the bar owner about the overbooking and lack of security. The bar owner retorted by informing them that if they wanted security, they should provide it. Two club members subsequently stationed themselves at one of the doors and began checking IDs and patting non-club members down for weapons.

Outside the bar, and later in the evening, a fight erupted between multiple women.[1] During the fracas, two men intervened to break up the fight. After the men separated the women, Appellant punched one of the women. During the ensuing altercation, Appellant pulled out a revolver and raised it at two different men—not the men that intervened. The two men immediately ran in two different directions, and Appellant shot both. One of the men was shot in the back of the thigh; he survived and identified Appellant.[]

A different witness testified Appellant fired a revolver at least six times at various people. Yet another witness—one of the men that initially intervened to break up the fight—testified he saw Appellant holding a revolver, stand over a person lying on the ground, and shoot him twice: once in the abdomen, which struck his aorta causing him to bleed to death, and once in the leg. Appellant also shot a fourth victim, severely wounding her; she identified Appellant from a photo array. In sum, Appellant shot four[] people, killing one.

Multiple eyewitnesses identified Appellant as having a beard and distinctive teeth, as well as wearing blue jeans and a green shirt or sweater. They also identified Appellant as having a tattoo or religious mark on the center of his forehead. One witness, however, when describing Appellant to the police, initially stated he was 5'10" tall and had star tattoos on his face and neck. A

---

[1] Notably, the fight is alleged to have been started by twins Stephanie Jones and Syreeta Jones, the witnesses at issue in this appeal, after they had stepped outside of the bar and were prevented from reentering the bar by a female member of the vehicle club. *See* N.T., 8/7/2012, at 35, 53, 71, 85.

different witness described Appellant to the police as being 6'2"
tall.

The police did not apprehend Appellant until two months later.

*Commonwealth v. Hamilton*, 2729 EDA 2012, at 2-4 (Pa. Super. filed 10/6/2014) (unpublished memorandum) (citations omitted).

On August 10, 2012, a jury found Appellant guilty of first-degree murder, two firearm violations, possessing an instrument of crime, attempted murder, and two counts of aggravated assault. He was sentenced the same day to a mandatory term of life imprisonment without parole for first degree murder, followed by an aggregate term of twenty-five to sixty years' imprisonment for the remaining charges. Appellant filed a post-sentence motion, challenging the sufficiency and weight of the evidence, which the court denied.

On direct appeal, we rejected Appellant's claims and affirmed his judgment of sentence. *See Hamilton*, 2729 EDA 2012 (Pa. Super. filed 10/6/2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On August 25, 2015, Appellant filed a *pro se* PCRA petition raising claims of ineffective assistance of trial counsel. PCRA counsel subsequently entered his appearance for Appellant and filed an amended petition on July 27, 2018, arguing trial counsel was ineffective for failing to file a petition for allowance of appeal in the Pennsylvania Supreme Court, and for failing to call three witnesses at trial.

On April 15, 2019, an evidentiary hearing was held on the limited issue of trial counsel's failure to file a petition for allowance of appeal with the Pennsylvania Supreme Court. After the hearing, the PCRA court dismissed the claim and directed the Commonwealth to file an answer to the remaining claim of trial counsel's ineffectiveness for failing to call witnesses.

In response, the Commonwealth filed a motion to dismiss, arguing that Appellant's claim lacked merit. After reviewing the Commonwealth's motion and Appellant's response to the motion, including affidavits attached from two of the witnesses,[2] the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After consideration of Appellant's objections to the Rule 907 notice, the PCRA court dismissed the petition. This appeal followed.

On appeal, Appellant presents a single issue for our review:

Did the lower [c]ourt err in denying a PCRA hearing where there were defense eyewitnesses not called, who have averred that Appellant did not possess or fire a weapon or kill or injure anyone in this case, especially where there was great confusion on the part of the Commonwealth eyewitnesses, some of whom testified that the shooter had facial tattoos and others who said he did not, and where it is clear that Appellant had no such tattoos?

Appellant's Brief, at 2.

---

[2] No affidavit was provided for the third witness, and no explanation was given for the absence. Additionally, Appellant appears to have abandoned any claims regarding this third witness on appeal.

Our "standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, "[t]he PCRA court may dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post conviction collateral relief, and no legitimate purpose would be served by any further proceedings." *Commonwealth v. Johnson,* 139 A.3d 1257, 1273 (Pa. 2016) (citation and internal quotation mark omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

Appellant's sole claim is an allegation of ineffectiveness of counsel. As such, he was required to plead and prove:

> ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is

of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1266-1267 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 321-22 (Pa. 2007). Thus, we may deny any ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Id*. at 321 (citation omitted).

Appellant alleges that trial counsel was ineffective for failing to call twin sisters Stephanie Jones and Syretta Jones as witnesses at trial. Both women were at the bar on the night of the incident and according to their affidavits would have testified similarly as follows: that they were at the bar with their friend, Kennisha Simms; they were standing outside smoking cigarettes; when they tried to get back inside the bar to get their jackets, a woman wearing the colors of one of the vehicle clubs would not let Syreeta inside; Syreeta tried to get inside again, words were exchanged, and the woman pushed and then punched Syreeta; Syreeta was then jumped by a group of people from the vehicle club; a male from the vehicle club struck Stephanie

when she attempted to help her sister; Syreeta said a heavyset black male shot a gun, possibly as a warning shot to stop the fighting; instead, the shot caused a man named Tracy, a man with stars on his face, to start shooting; the sisters never saw Appellant with a weapon or outside until he came to take them away to a truck; while running to the truck, Tracy was nearby and started shooting his weapon again; they heard three shots and then Tracy started shooting back; they told trial counsel that they were ready, willing and able to testify to what occurred outside that night but they were never contacted to testify. **See** Certification-Affidavit of Stephanie Jones; **see also** Certification-Affidavit of Syreeta Jones.

A claim that counsel was ineffective for failing to call certain witnesses to testify lacks arguable merit where the trial court conducted a colloquy of the defendant at trial, and the defendant agreed with counsel's decision not to present those witnesses. **See Commonwealth v. Pander**, 100 A.3d 626, 642-436 (Pa. Super. 2014). "[A] defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." **Commonwealth v. Paddy**, 800 A.2d 294, 316 (Pa. 2002) (citation omitted). Accordingly, "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel." **Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa. Super. 2000).

We agree with the PCRA court that Appellant is not entitled to relief on his claim that trial counsel was ineffective for failing to call either of the twins to testify. The trial court conducted an oral colloquy of Appellant regarding the witnesses he intended to call to testify, as follows:

> THE COURT: Now, do you understand that you have an absolute right to call any witnesses that you want to in your own defense? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also have an absolute right to testify in your own defense if you want to do that. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also have an absolute right under the Constitution of the United States and the Constitution of Pennsylvania to remain silent, which means you don't have to testify in your own defense, you don't have to call any witnesses, and you have a right to have me tell the jury that they can't hold that against you in any way, shape, or form. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, I understand from your counsel that you have decided that you will call one witness. Is that correct?
>
> (Defendant is conferring with defense counsel.)
>
> THE DEFENDANT: Yes.
>
> **THE COURT: And is that the only witness that you want your lawyer to call?**
>
> **THE DEFENDANT: Yes**
>
> THE COURT: Very well. And I also understand that, after talking to your lawyer, you have decided not to testify in your own defense. Is that correct?

THE DEFENDANT: Yes.

THE COURT: Now, I know that you've talked to your lawyer a lot about this. Is that right?

THE DEFENDANT: Yes.

THE COURT: And you talked to him about whether it would be a good idea or bad idea to testify in your own defense. Right?

THE DEFENDANT: Yes.

THE COURT: And what you were talking about with him is would it help you if you testified in your own defense or might it hurt you if you testified in your own defense. Is that correct?

THE DEFENDANT: Yes.

THE COURT: And you've obviously decided that it's in your best interest not to testify in your defense. Is that right?

THE DEFENDANT: Yes.

THE COURT: Okay. In making this decision, did you consider that we would not let anybody serve on a jury who could not follow my instruction that they can't hold that against you at all. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: We wouldn't let them be on the jury. But I can't read people's minds. I can't guarantee you that there isn't somebody on the jury who would say, well, if he is innocent, he would tell his story. Have you considered that when you made up your decision not to testify?

THE DEFENDANT: Yes.

THE COURT: And despite that, you have decided that it's in your best interest not to testify. Is that correct?

THE DEFENDANT: Yes.

THE COURT: Very well. And has anybody promised you anything to get you to do that?

THE DEFENDANT: No.

THE COURT: Has anybody used any force or threatened you?

THE DEFENDANT: No.

THE COURT: Are you doing it of your own free will?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the services of your attorneys up to this point?

THE DEFENDANT: Yes.

...

THE COURT: I am satisfied that the defendant has made his decision knowingly, intelligently, and voluntarily. Tomorrow we will start with your case and your witness, and then we will go right into closing arguments.

N.T., Jury Trial, 8/9/2012, at 233-37 (emphasis added).

It is clear from the colloquy that Appellant was adequately advised of his right to call witnesses on his behalf, and knowingly and voluntarily declined to do so. Appellant stated that he only wanted to call one witness on his behalf, a police officer. *See id*. at 234. When further questioned whether that was the only witness he wanted counsel to call, Appellant again declined to name either of the twins. *See id*. There is no indication in the record, or in Appellant's brief, that this decision was not knowing, voluntary, and intelligent. Therefore, Appellant may not now claim trial counsel was

ineffective on this basis. Accordingly, there is no arguable merit to Appellant's claim.

We note, Appellant's claim would not survive even if he did not decline to call the witnesses at issue here. A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se.* **See Commonwealth v. Cox**, 983 A.2d 666, 693 (Pa. 2009) (citation omitted). When a defendant claims trial counsel was ineffective based upon counsel's failure to call a witness, he is entitled to relief only if he proves all of the following: (a) the witnesses existed, (b) the witnesses were available, (c) counsel was informed of or should have known of the witnesses, (d) the witnesses were willing to cooperate and testify for the defendant at trial, and (e) the absence of the witnesses' testimony prejudiced the defendant. **See Commonwealth v. Miller**, 868 A.2d 578, 581–582 (Pa. Super. 2005).

> Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses would have been helpful to the defense.

**Commonwealth v. Selenski**, 228 A.3d 8, 16 (Pa. Super. 2020) (citation and internal quotation marks omitted). While Appellant has submitted affidavits that may satisfy criteria (a) through (d),[3] **see** Certification-Affidavit of

---

[3] The record shows the witnesses existed, were prepared and available and that counsel was aware of their existence. In fact, the twins were mentioned numerous times throughout the trial, as they were directly involved with the
*(Footnote Continued Next Page)*

Stephanie Jones; *see also* Certification-Affidavit of Syreeta Jones, he has failed to demonstrate that he was prejudiced by the absence of this testimony.

Appellant contends the twins would have established he was not the shooter. However, the information provided by the twins in their affidavits is not exculpatory. Although the twins were able to identify *one* of the men who shot a gun during the fight, the twins admittedly did not actually witness who started the shooting, nor were they around Appellant at the time of the shooting. They did not see Appellant until after the fact, when Appellant came and grabbed them to run to a truck. As such, their statements, even if believed, do not establish with certainty that it was not Appellant who shot the victims. Since the statements do not exculpate Appellant, Appellant has failed to show that the testimony of the uncalled witnesses would have been "beneficial under the circumstances of the case." *Selenski*, 228 A.3d at 16.

We also agree with the PCRA court that Appellant has failed to establish that the twins' testimony, "when weighed against the overwhelming evidence of guilt adduced at trial, would have changed the outcome" of his trial. PCRA Court Opinion, 6/17/2020, at 9. Four eyewitnesses positively identified Appellant as the shooter. As noted above, the twins' testimony did not

---

fight that led to the shooting and were also involved in the ensuing investigation. Further, Stephanie Jones was present in the courthouse during the trial.

contradict those identifications as they could not definitively say that Appellant was not the shooter of the victims.

As we find Appellant has failed to carry his burden to prove counsel was ineffective, we affirm the order dismissing his PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2021