J-S37043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MALIK COLLINS | : | |
| | : | |
| Appellant | : | No. 921 EDA 2023 |

Appeal from the PCRA Order Entered March 20, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0015549-2010

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                **FILED NOVEMBER 20, 2023**

Malik Collins (Appellant) appeals *pro se* from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In November 2011, a jury convicted Appellant of first-degree murder, criminal conspiracy, and possession of an instrument of crime[1] for the shooting death of Hassan Bentley.  Relevant to this appeal, the Commonwealth presented the testimony of two eyewitnesses: Jose Briggs and Clarence Milton (Milton).  Following Appellant's conviction, the trial court sentenced him to an aggregate term of life in prison without the possibility of parole.  This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, and 907.

Court denied allowance of appeal. *See Commonwealth v. Collins*, 91 A.3d 1275 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 91 A.3d 1238 (Pa. 2014).

On December 2, 2014, Appellant filed his first PCRA petition in which he raised several claims of trial and appellate counsel's ineffectiveness. The PCRA court appointed counsel, who filed a motion to withdraw from representation and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court subsequently permitted counsel to withdraw and denied Appellant's PCRA petition. This Court affirmed the denial. *See Commonwealth v. Collins*, 174 A.3d 104 (Pa. Super. 2017) (unpublished memorandum).

On January 22, 2021, Appellant *pro se* filed the instant PCRA petition, citing newly-discovered facts offered by a previously unknown witness. *See* PCRA Petition, 1/22/21, at 7. Appellant attached to his petition a handwritten letter from Jeremiah Bush (Bush),[2] who stated 1) he was present at the time of the shooting; 2) he saw the shooter, and it was not Appellant; 3) Milton was incarcerated on the night of the shooting and therefore did not witness it; and 4) Bush was willing to testify on Collins' behalf. *Id.*, Exhibit A. Bush

_____

[2] Bush stated in the letter that he was an inmate at SCI Coal Township. PCRA Petition, 1/22/21, Exhibit A. Neither Appellant nor Bush explains their relationship to one another.

also offered a court summary for a case involving Milton in support of his claim that Milton was in jail at the time. *See id.*

The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. On March 20, 2023, the PCRA court dismissed Appellant's PCRA petition as untimely filed. Appellant *pro se* filed a timely notice of appeal.

Appellant raises the following issues:

1. Whether the PCRA court erred in finding [] Appellant was not actually innocent and dismissing his petition without a[n] evidentiary hearing to determine said innocence in detail by questioning counsel's investigation and eyewitnesses['] account[?]

2. Whether the PCRA court erred in finding [] Appellant's PCRA petition was untimely filed[?]

Appellant's Brief at 4.

We review the dismissal of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding. *Id.*

Prior to reaching the merits of Appellant's claims, we must consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A

- 3 -

judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015).

It is undisputed that Appellant's PCRA petition is untimely, as his judgment of sentence became final in August 2014, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. Nevertheless, a court may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Moreover, there is no absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004).

Appellant invokes the newly-discovered fact exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) and argues Bush's letter provided previously unknown information.[3]  Appellant's Brief at 12.

The newly-discovered fact exception

> requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.  To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source.

***Commonwealth v. Shannon***, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (citations, quotation marks and brackets omitted).

Here, the PCRA court concluded that Bush's letter and his proffered court summary did not establish the "fact" that Milton was not an eyewitness to the shooting.  PCRA Court Opinion, 3/20/23, at 1-2; ***see also id.*** at 2 n.3 (explaining the trial court docket for Milton's case indicated he posted bail in September 2005 and therefore was not in prison on the night of the shooting). The PCRA court also opined that the "fact" of Milton's alleged incarceration was not previously unknown to Appellant, as evidenced by the fact that Appellant raised a similar argument in his first PCRA petition.  ***Id.*** at 2.

---

[3] We note Appellant's argument is minimally developed and lacks reference to the requirements of the newly-discovered fact exception or relevant caselaw. ***See*** Pa.R.A.P. 2119(a) (providing that the appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent.").

The record supports the PCRA court's findings. In his first PCRA petition, Appellant alleged trial counsel's ineffectiveness in conjunction with Milton's purported incarceration at the time of the shooting. PCRA Petition, 12/2/14, at 10; *see also Collins*, 174 A.3d 104 (unpublished memorandum) (incorporating Trial Court Opinion, 6/28/16, at 10, and stating Appellant's claim is factually incorrect). Similarly, Appellant previously asserted that Milton's testimony identifying Appellant as the shooter constituted perjury. PCRA Petition, 12/2/14, at 10; *see also Collins*, 174 A.3d 104 (unpublished memorandum) (incorporating Trial Court Opinion, 6/28/16, at 10). Therefore, these alleged "facts" were not previously unknown to Appellant. Bush's letter is, at best, a newly identified source. *Cf. Shannon*, 184 A.3d 1010, 1015-16. As Appellant has failed to plead and prove the newly-discovered fact exception to the PCRA's time-bar, his claim is without merit.[4]

For the above reasons, we affirm the PCRA court's dismissal of Appellant's second PCRA petition as untimely filed.

Order affirmed.

---

[4] Appellant advances additional arguments in his appellate brief, none of which invoke the timeliness exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023